```
                              United States Bankruptcy Court
                              Middle District of Pennsylvania
In re:                                                              Case No. 19-03324-RNO
Randolph W. Karn                                                    Chapter 13
Debra A. Karn
         Debtors                     CERTIFICATE OF NOTICE
District/off: 0314-5          User: LyndseyPr              Page 1 of 2              Date Rcvd: Oct 30, 2019
                              Form ID: pdf002              Total Noticed: 38
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 01, 2019.
```
db/jdb         Randolph W. Karn,    Debra A. Karn,    415 Merwinsburg Rd.,    Effort, PA 18330-8060
5231123        Best Buy/Cbna,    PO Box 6497,    Sioux Falls, SD57117-6497
5255378        Citibank, N.A.,    5800 S Corporate Pl,    Sioux Falls, SD 57108-5027
5231124        Citibank/Best Buy,    Attn: Bankruptcy,    PO Box 790441,    Saint Louis, MO63179-0441
5231125       +Citizens Bank,    Attention: ROP-15B,    1 Citizens Dr,    Riverside, RI 02915-3035
5234999       +Citizens Bank N.A.,    One Citizens Bank Way JCA115,    Johnston R.I. 02919-1922
5231126        Citizens Bank NA,    480 Jefferson Blvd,    Warwick, RI02886-1359
5231127        Discover Bank,    502 E Market St,    Greenwood, DE19950-9700
5231132        Fin Recovery,    200 E Park Dr,    Mount Laurel, NJ08054-1297
5252079       +Lakeview Loan Servicing LLC,    PO Box 840,    Buffalo, NY 14240-0840
5231136       +M & T Bank Mortgage,    1 Fountain Plz,    Buffalo, NY 14203-1495
5236978       +M&T Bank,    PO Box 1508,    Buffalo, NY 14240-1508
5231139        Mahindra Fin,    8001 Birchwood Ct,    Johnston, IA50131-2889
5234043        Mahindra Finance USA LLC,    PO Box 2000,    Johnston, IA 50131-0020
5231140        Raymour & Flanigan,    Attn: Bankruptcy,    PO Box 130,    Liverpool, NY13088-0130
5246483       +TD Retail Card Services,    c/o Creditors Bankruptcy Service,    P.O. Box 800849,
                Dallas, TX 75380-0849
5231143        Tdrcs/raymour & Flanig,    1000 Macarthur Blvd,    Mahwah, NJ07430-2035
5248690       ++US BANK,    PO BOX 5229,    CINCINNATI OH 45201-5229
              (address filed with court: U.S. Bank National Association,     Bankruptcy Department,
                PO Box 108,    St. Louis MO 63166-0108)
5231146        Wakefield & Associates,    7005 Middlebrook Pike,    Knoxville, TN37909-1156
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
cr             +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Oct 30 2019 19:38:52
                PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5231122        +E-mail/Text: bnc-capio@quantum3group.com Oct 30 2019 19:37:00      Assetcare,
                2222 Texoma Parkway,,    Suite 180,    Sherman, TX 75090-2470
5231129         E-mail/Text: mrdiscen@discover.com Oct 30 2019 19:36:33      Discover Financial,
                Attn: Bankruptcy Department,    PO Box 15316,    Wilmington, DE19850-5316
5232273         E-mail/Text: mrdiscen@discover.com Oct 30 2019 19:36:33      Discover Bank,
                Discover Products Inc,    PO Box 3025,    New Albany, OH 43054-3025
5231128         E-mail/Text: mrdiscen@discover.com Oct 30 2019 19:36:33      Discover Fin Svcs LLC,
                PO Box 15316,    Wilmington, DE19850-5316
5231130         E-mail/Text: dplbk@discover.com Oct 30 2019 19:37:12      Discover Personal Loan,
                Attn: Bankruptcy,    PO Box 30954,    Salt Lake City, UT84130-0954
5232050        +E-mail/Text: dplbk@discover.com Oct 30 2019 19:37:12      Discover Personal Loans,
                PO Box 30954,    Salt Lake City, UT 84130-0954
5231131         E-mail/Text: bankruptcy.notices@hdfsi.com Oct 30 2019 19:37:18      Esb/Harley Davidson Cr,
                3850 Arrowhead Dr,    Carson City, NV89706-2016
5231133         E-mail/Text: bankruptcy.notices@hdfsi.com Oct 30 2019 19:37:18      Harley Davidson Financial,
                Attn: Bankruptcy,    PO Box 22048,    Carson City, NV89721-2048
5231134        +E-mail/Text: cio.bncmail@irs.gov Oct 30 2019 19:36:39      Internal Revenue Service,
                600 Arch St Ste 1507,    Philadelphia, PA 19106-1695
5254510         E-mail/PDF: resurgentbknotifications@resurgent.com Oct 30 2019 19:38:57      LVNV Funding, LLC,
                Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
5231135         E-mail/Text: camanagement@mtb.com Oct 30 2019 19:36:43      M & T Bank,   Attn: Bankruptcy,
                PO Box 844,    Buffalo, NY14240-0844
5231137         E-mail/Text: camanagement@mtb.com Oct 30 2019 19:36:43      M&T Bank,   PO Box 900,
                Millsboro, DE19966-0900
5231138         E-mail/Text: camanagement@mtb.com Oct 30 2019 19:36:43      M&T Credit Services,
                Attn: Bankruptcy,    PO Box 1288,    Buffalo, NY14240-1288
5238060         E-mail/Text: bnc-quantum@quantum3group.com Oct 30 2019 19:36:53
                Quantum3 Group LLC as agent for,    CF Medical LLC,    PO Box 788,    Kirkland, WA 98083-0788
5231141         E-mail/PDF: gecsedi@recoverycorp.com Oct 30 2019 19:40:30      Syncb/lowes,    PO Box 956005,
                Orlando, FL32801
5230896        +E-mail/PDF: gecsedi@recoverycorp.com Oct 30 2019 19:40:32      Synchrony Bank,
                c/o PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5231142         E-mail/PDF: gecsedi@recoverycorp.com Oct 30 2019 19:40:29      Synchrony Bank/Lowes,
                Attn: Bankruptcy,    PO Box 965060,    Orlando, FL32896-5060
5252327         E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Oct 30 2019 19:39:54      Verizon,
                by American InfoSource as agent,    PO Box 4457,    Houston, TX 77210-4457
                                                                                              TOTAL: 19

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
5231144*      ++US BANK,    PO BOX 5229,    CINCINNATI OH 45201-5229
              (address filed with court: US Bank/Rms Cc,     Attn: Bankruptcy,    PO Box 5229,
                Cincinnati, OH45201-5229)
5231145*      ++US BANK,    PO BOX 5229,    CINCINNATI OH 45201-5229
              (address filed with court: US Bk Rms Cc,     PO Box 108,    Saint Louis, MO63166-0108)
                                                                                   TOTALS: 0, * 2, ## 0
```

```
               ***** BYPASSED RECIPIENTS (continued) *****
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 01, 2019                                   Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 30, 2019 at the address(es) listed below:

```
          Bradley Warren Weidenbaum    on behalf of Debtor 2 Debra A. Karn weidenbaumlaw@gmail.com,
           G25181@notify.cincompass.com
          Bradley Warren Weidenbaum    on behalf of Debtor 1 Randolph W. Karn weidenbaumlaw@gmail.com,
           G25181@notify.cincompass.com
          Charles J DeHart, III (Trustee)    TWecf@pamd13trustee.com
          James    Warmbrodt    on behalf of Creditor    Lakeview Loan Servicing LLC bkgroup@kmllawgroup.com
          United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                          TOTAL: 5
```

Rev. 12/01/18

<u>LOCAL BANKRUPTCY FORM 3015-1</u>

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>**Karn, Randolph W.**<br>**Karn, Debra A.** | CHAPTER 13<br>CASE NO.        5:19-bk-3324<br><br>[X] ORIGINAL PLAN<br>[ ] AMENDED PLAN<br>          (Indicate 1st , 2nd , 3rd , etc.):<br>[ ] Number of Motions to Avoid Liens<br>[ ] Number of Motions to Value Collateral |

<u>CHAPTER 13 PLAN</u>

NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | [ ] Included | [X] Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | [ ] Included | [X] Not included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | [ ] Included | [X] Not included |

YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN**

    A. <u>Plan Payments From Future Income</u>

        1.        To date, the Debtor paid $ **0.00** (enter $0 if no payments have been made to the

1

Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ **30,000.00**, plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payments | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 1 | 60 | | | 500.00 | 30,000.00 |
| | | | | Total Payments: | 30,000.00 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE:  [ ] Debtor is at or under median income*If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*
   [X] Debtor is over median income. Debtor estimates that a minimum of $30,000.00 must be paid to allowed unsecured, creditors in order to comply with the Means Test.

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $0.00 (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

[ x ] No assets will be liquidated.*If this line is checked, the rest of § 1.B need not be completed or reproduced.*
[ ] Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of property known and designated as_____. All sales shall be completed by_____. If the property does not sell by the date specified, then the disposition of the property shall be as follows:

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:

2. **SECURED CLAIMS**

2

Case 5:19-bk-03324-RNO    Doc 19    Filed 09/22/19    Entered 09/22/19 12:05:32    Desc
Main Document      Page 2 of 6
Case 5:19-bk-03324-RNO    Doc 29    Filed 11/01/19    Entered 11/02/19 00:36:10    Desc
Imaged Certificate of Notice    Page 4 of 8

A. **Pre-Confirmation Distributions.** *Check one.*

[X] None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

[ ] None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

[X] Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Citizens Bank | 2018 Dodge PICKUP TRUCK | 6127 |
| M & T Bank | 415 Merwinsburg Rd, Effort, PA 18330-8060 | 7189 |
| Mahindra Fin | 2013 Side by Side | 9000 |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

[X] None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.).**

[X] None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

[X] None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

F. **Surrender of Collateral.** *Check one.*

[X] None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

[X] None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

3

Case 5:19-bk-03324-RNO    Doc 19    Filed 09/22/19    Entered 09/22/19 12:05:32    Desc
Main Document    Page 3 of 6
Case 5:19-bk-03324-RNO    Doc 29    Filed 11/01/19    Entered 11/02/19 00:36:10    Desc
Imaged Certificate of Notice    Page 5 of 8

3. **PRIORITY CLAIMS**

   A. **Administrative Claims**

   1. <u>Trustee fees.</u>   Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. <u>Attorney fees</u>. Complete only one of the following options:

      a.   In addition to the retainer of $**1,500.00** already paid by the Debtor, the amount of $ **2,500.00** in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

      b.   $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

   3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

   **[X]** None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

   B. **Priority Claims (including, certian Domestic Support Obligations**

   Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

   | Name of Creditor | Estimated Total Payment |
   |---|---|
   | Internal Revenue Service | $1,897.41 |

   C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

   **[X]** None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

4. **UNSECURED CLAIMS**

   A. **Claims of Unsecured Nonpriority Creditors Specially Classified** *Check one of the following two lines.*

   **[X]** None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

   B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

4

Case 5:19-bk-03324-RNO    Doc 19    Filed 09/22/19    Entered 09/22/19 12:05:32    Desc
Main Document      Page 4 of 6
Case 5:19-bk-03324-RNO    Doc 29    Filed 11/01/19    Entered 11/02/19 00:36:10    Desc
Imaged Certificate of Notice    Page 6 of 8

[ ] None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

[X] The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
| AARP | | | | | | Assume |

**6.    VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

[ ]    plan confirmation.
**[X]**    entry of discharge.
[ ]    closing of case:

**7.    DISCHARGE: (Check one)**

[X] The debtor will seek a discharge pursuant to § 1328(a).
[ ] The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8.    ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: **Adequate protection payments**
Level 2: **Debtor's attorney's fees**
Level 3: **Domestic Support Obligations**
Level 4: **Priority Claims, pro rata**
Level 5: **Secured claims, pro rata**
Level 6: **Specially classified unsecured claims**
Level 7: **General unsecured claims**
Level 8: **Untimely filed unsecured claims to which the debtor has not objected**

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1:  Adequate protection payments.
Level 2:  Debtor's attorney's fees.
Level 3:  Domestic Support Obligations.
Level 4:  Priority claims, pro rata.
Level 5:  Secured claims, pro rata.
Level 6:  Specially classified unsecured claims.

5

Rev. 12/01/18

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Dated: 9/17/19

Attorney for Debtor /s/Bradley Warren Weidenbaum, Esq.

_____
Debtor

_____
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

12

D.K.